# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv14
## (3:05cr82)

| | |
|---|---|
| KEVIN CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondents. | ) |

**THIS MATTER** comes before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.§ 2255 (Doc. No. 1), filed January 12, 2009; the government's Response to Petitioner's Motion and Motion for Summary Judgment (Doc. Nos. 5 & 8); "Petitioner's Submissions Pursuant to Order of the Court" dated March 25, 2009 (Doc. No. 7); and petitioner's Reply (Doc. No. 10). For the reasons stated herein, the petitioner's Motion to Vacate will be denied.

## FINDINGS AND CONCLUSIONS

### I.  Factual Background

On March 29, 2005, petitioner was named in a three count Bill of Indictment charging him with possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Count One); using and

1

carrying a firearm during and in relation to a drug trafficking crime and possessing a gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). United States v. Carter, 3:05cr82 (W.D.N.C. 2005) (Doc. No. 1). Petitioner was both tried and convicted on September 8, 2005, with the jury returning a verdict of guilty on Counts One and Three and a verdict of not guilty on Count Two. (Id., Doc. No. 22).

On July 19, 2006, petitioner appeared with counsel for sentencing. The Court sentenced petitioner to 262 months imprisonment on Count One and 120 months on Count Three to run concurrent with Count One. (Id., Doc. No. 36).

On August 3, 2006, petitioner filed a Notice of Appeal. (Id., Doc. No. 37). On appeal, petitioner argued that this Court erred in sentencing him as a career offender and in failing to suppress statements he made to officers at his home. On October 12, 2007, in a unpublished opinion, the Court of Appeals for the Fourth Circuit affirmed petitioner's convictions and sentence. United States v. Carter, 250 Fed. App'x 543 (4th Cir. 2007).

On January 12, 2009, petitioner filed the instant Motion to Vacate alleging ineffective assistance of trial counsel for: (1) failing to argue that petitioner was not represented by counsel on one of his prior state convictions used to support his status

as a career offender; and (2) failing to file a petition for *certiorari* in the Supreme Court despite petitioner's request that he do so.[1]  Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the petitioner's Motion to Vacate must be denied.

**II.     Procedural History**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.  If the motion is not dismissed after that initial review, the court must direct the government to respond.  Id.  The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).

In accordance with Rules 4 and 8, the Court has conducted such review, and it is patently clear that petitioner is entitled to no relief on his claims and an evidentiary hearing is not warranted.  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] This Court is aware of the Court of Appeals for the Fourth Circuit's decision in United States v. Killian, 22 Fed. App'x 300, 301 (4th Cir. 2001), holding that when a district court is entering a new judgment in response to a Peak claim, the Court cannot also rule on a petitioner's other non-Peak claims because the petitioner never had the benefit of a direct appeal. Instead, the appellate court instructed that a district court should dismiss petitioner's remaining claims without prejudice to petitioner's right to file another habeas motion, if necessary, after a direct appeal.  Id.  As this case does not involve Petitioner's direct appeal rights, this Court finds Killian to be inapplicable.

## III. Discussion

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Att'y General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id. at 1290 (citing Strickland, 466 U.S. at 697).

### A. Career Offender Status

In his first contention, petitioner claims his counsel was ineffective at sentencing for failing to argue that he had no counsel for one of the two underlying convictions this Court considered for purposes of determining his career offender

status. While petitioner concedes that he was appointed two separate attorneys for each of the underlying state charges, only one attorney was with him at the state sentencing:

> due to a consolidation agreement, where only one term of imprisonment would be impose[d], or where only one sentence was imposed, [attorney] Dean Loven was the only counsel that showed up for that proceeding.

(Case No. 3:09cv14, Doc. No. 10 at 2.) Petitioner does not dispute that Mr. Loven represented him on both charges and that he thus had counsel for both charges; however, he argues that he had the right to have the attorney who was appointed to him by the state counsel him on each charge.

The state court's Judgment and Commitment reflects that Mr. Loven represented petitioner on both state charges. Petitioner attached a letter from Mr. Loven to his Motion to Vacate, which states that he was petitioner's attorney of record in both of his underlying state court charges, an averment antithetical to petitioner's allegation. (Id., Doc. No. 1 at 22). Despite his own exhibit, petitioner argues that such statement is not true and that separate attorneys originally were appointed to represent him on each of the two charges, but that when he appeared for sentencing, only Mr. Loven was there to represent him. Notably, petitioner does not name the other attorney allegedly appointed to represent him.

Petitioner is not, however, arguing that he was unrepresented on either

5

underlying state charge; rather, he argues that he was not represented by the *same* lawyer originally appointed to represent him, at least as to one of the two charges. Even if petitioner is correct, an indigent defendant does not have a right to have a particular appointed lawyer represent him or represent him from start to finish. See <u>United States v. Gallop</u>, 838 F.2d 105, 108 (4th Cir. 1988). Further, even if such issue had been raised at sentencing, his claim could not have succeeded, as the judgments from the North Carolina convictions would have satisfied the preponderance standard applied by federal courts. <u>Parke v. Raley</u>, 506 U.S. 20, 29-33 (1992) (discussing presumption of regularity and allowing burden of production to be put on defendant and confirming preponderance of evidence standard applicable to federal cases and declining to impose a higher standard on the states). It is undisputed that Mr. Loven, ultimately, represented petitioner on both charges; therefore, petitioner had counsel for both charges, making neither of the underlying state convictions un-counseled. Petitioner has failed to satisfy either prong of the <u>Strickland</u> test, and his claim must be dismissed.

  **B.**  **Failure to Seek *Certiorari***

Next, petitioner claims that his counsel was ineffective because he failed to file a petition for *certiorari* in the Supreme Court on his behalf despite petitioner's request that he do so. In support of this claim, petitioner attached a letter from his appellate

6

attorney to his motion. The letter, which was written while petitioner's direct appeal was still pending, stated that

> [w]hen the Fourth Circuit rules against us and says that the one prior sentence you got for two offenses separated by an intervening arrest are somehow two sentences, I will ask your permission to seek review by the United States Supreme Court.

(Case No. 3:09cv14, Doc. No. 1 at 23-24). Petitioner states that after his direct appeal was decided, he directed his counsel, by letter, to file a petition for *certiorari* in the Supreme Court.

In response, the government attached the affidavit of Haakon Thorsen, petitioner's appellate counsel, to its Response to the petition. (Id., Doc. No. 5-2). In his affidavit, Mr. Thorsen avers as follows: "Mr. Carter told me he wished to petition the Supreme Court for *certiorari*. I failed to do so." (Id. ¶¶ 3 & 4). The government concedes that appellate counsel's failure to file a petition for *certiorari* in the Supreme Court was error, but argues that the Section 2255 claim is without merit because there is no *constitutional* right to have counsel file a *certiorari* petition. Ross v. Moffitt, 417 U.S. 600, 617-618 (1974).

In the case of an unsuccessful appellant represented by appointed counsel, the attorney's responsibilities are outlined in the *Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act* (hereinafter "Fourth Circuit CJA Plan"), which implements the Criminal Justice Act

7

of 1984. See 18 U.S.C. § 3006A. The Fourth Circuit CJA Plan provides in pertinent part as follows:

> counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of *certiorari*. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant.

Fourth Circuit CJA Plan, § V, ¶ 2 .

Review of the pleadings, arguments, and exhibits submitted herein reveals that: (1) petitioner did ask counsel, in writing, to file a petition in the Supreme Court; (2) correspondence from counsel indicated that a meritorious request for *certiorari* could lie if the appellate court denied relief; (3) counsel promised that *certiorari* would be sought; and (4) appellate counsel failed to seek *certiorari*.

With such undisputed history of the claim, the Court's analysis is guided by three decisions of the Court of Appeals for the Fourth Circuit. See United States v. Smith, 321 Fed. App'x 229 (4th Cir. 2008), judgment vacated, Smith v. United States, ___ U.S. ___, 129 S.Ct. 2763 (2009) (reversed on other grounds under Booker); United States v. King, 11 Fed. App'x 219, 221 (4th Cir. 2001); and United States v. Masters, 1992 WL 232466 (4th Cir. 1992).[2] In such decisions, each of which

---

2   Because of the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

involved a similar failure of appellate counsel, the appellate court ultimately granted petitioner relief. The decision of the appellate court in Smith, however, is the most analogous to the situation this Court now confronts. In Smith, petitioner appealed the district court's Order denying his claim that he received ineffective assistance of counsel because his counsel failed to file a petition for *certiorari*, as requested. The Smith court, rather than finding that counsel was ineffective for failing to file a petition for writ of *certiorari* in the Supreme Court, construed petitioner's appeal of the denial of his § 2255 motion as a motion to recall the mandate and concluded that counsel violated petitioner's rights under the Fourth Circuit CJA Plan, holding that

> [t]his violation of the CJA Plan was "sufficiently extraordinary to warrant [the Court's] treatment of [Petitioner's] § 2255 motion as a motion to recall the mandate . . . .

321 Fed. App'x at 233. As in the earlier King and Masters cases, the Smith court recalled the mandate to allow the petitioner to file a timely petition for *certiorari*. Id. Clearly, the appropriate remedy for the error pointed out in this Section 2255 petition is for the mandate of the appellate court to be recalled. Such remedy is not, however, available in this Court or under Section 2255.

On a Section 2255 petition claiming ineffective assistance of counsel, the issue is whether counsel provided *constitutionally* deficient representation on appeal. Strickland, 466 U.S. at 687-91. The remedy discussed above suggests the result, as

this Court is without power to recall the mandate of a higher court. While failure of counsel to perfect a discretionary appeal may well violate the Fourth Circuit CJA Plan, it does not rise to the level of constitutionally deficient representation under Strickland; thus, this Court can afford no relief. Review of decisions of other circuits reveals that the obligation for appointed counsel to provide legal assistance in filing discretionary appeals, as mandated by a CJA plan, does not create a fifth amendment right to assistance of court appointed counsel in the filing of a discretionary appeal.

> [Fifth amendment] Due process does not, however, guarantee a constitutional right to counsel for a litigant seeking to file a *certiorari* petition in the United States Supreme Court. *Ross*, 417 U.S. at 617-18, 94 S.Ct. 2437; *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also* 28 U.S.C. § 1254 (writ of *certiorari* is discretionary). Since the right to effective assistance of counsel derives solely from the right to appellate counsel guaranteed by the right to due process, *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), a litigant like Steele without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." *Id.; see also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir.2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel Steele's § 2255 claim for ineffective assistance cannot succeed.

Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008). The Court will, therefore, deny the Section 2255 petition, without prejudice as to petitioner filing a motion with the Court of Appeals for the Fourth Circuit to recall and re-enter its mandate. United States v. Davis, 2009 WL 3055230 (W.D. Va. September 23, 2009) (where counsel

10

fails to fulfill his obligations under the CJA Plan, the appropriate remedy is for the Court of Appeals to vacate and re-enter judgment to permit a defendant to file a timely petition for *certiorari*); see also United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007).

The Court will deny petitioner's claim that his counsel was ineffective for failing to file a petition for writ of *certiorari* in the Supreme Court. Noting that counsel's failure to do so violated his duty under the Fourth Circuit CJA Plan, petitioner will be advised that he may be entitled to relief before the appellate court and instructed that he may file a motion to recall the mandate in the Court of Appeals for the Fourth Circuit.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1) petitioner's Motion to Vacate (Doc. No. 1) is **DENIED;**

(2) respondent's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**;

(3) this action is **DISMISSED** without prejudice as to petitioner filing a motion with the Court of Appeals for the Fourth Circuit to recall and re-enter its Mandate; and

(4) pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this

Court declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**Petitioner is advised that he may wish to file a motion to recall the mandate with the Court of Appeals for the Fourth Circuit in order to remedy his appellate counsel's violation of his duty under the Fourth Circuit CJA Plan.**

Signed: September 10, 2010

Robert J. Conrad, Jr.
Chief United States District Judge